IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TEAMBRA JOHNSON and M.R., | § |
| Plaintiffs, | § § § |
| v. | § § |
| WILLIAM LANE, DISD SCHOOL BOARD MEMBERS, AND UNKNOWN STUDENTS, | § § § § § |
| Defendants. | § § |

CIVIL ACTION NO. _____

## DEFENDANT WILLIAM LANE'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant William Lane, files this Notice of Removal of the action from the County Court at Law No. 5, Dallas County, Texas, Cause No. CC-23-02890-E, styled *Teambra Johnson, et al. v. William Lane; DISD, DISD School Board Members, Unknown Students Unnamed, et al.*, to the United States District Court for the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. In support of this Notice, Defendant Lane states as follows:

### I.
### FILINGS IN THE STATE COURT

In accordance with 28 U.S.C. § 1446(a) and Northern District Local Rule 81.1, all state court filings to date have been indexed and attached hereto as **Exhibit A**.

## II.
## BASIS FOR REMOVAL OF ACTION

1. Plaintiffs are Teambra Johnson ("Johnson") and what appears to be her minor-aged sister identified as "M.R."[1]

2. On May 11, 2023, Plaintiffs commenced this action by filing a "Civil Rights Complaint" (the "Complaint") in the County Court at Law No. 5, Dallas County, Texas (the "State Court Lawsuit"). *See* **Exhibit A-2**. The Complaint identifies three defendants: (1) "William Lane; DISD"; (2) "DISD School Board Members"; and (3) "Unknown Students Unnamed et al." *See id.* On May 12, 2023, the Clerk of the County Courts of Dallas County issued Citations for defendants "William Lane; DISD" and "DISD School Board Members," but on information and belief, no defendant has been properly served with the Citations or any summons in the State Court Lawsuit. *See* **Exhibits A-5, A-6**. No proof of service of the Citations or any summons has been filed in the State Court Lawsuit docket. *See* **Exhibit A**.

3. On June 8, 2023, Defendant William Lane, the Principal of Wilmer-Hutchins High School ("Wilmer-Hutchins") in Dallas Independent School District ("Dallas ISD" or the "District"), received a copy of the Complaint and Plaintiffs' July 7, 2023, Motion for Summary Judgment and Motion for Default Judgment. *See* **Exhibits A-7, A-8**.

4. In the Complaint, Plaintiffs appear to assert "Civil Rights" claims under the Eighth Amendment and Fourteenth Amendment of the United States Constitution related to an alleged

---

[1] Given her apparent minor status, it is questionable whether M.R. has the capacity to sue in this case. *See Raskin on behalf of JD v. Dall. Indep. Sch. Dist.*, --- F.4th ---, 2023 WL 3774588, at *3, n.5 (5th Cir. June 2, 2023) ("While minors do have a right to proceed pro se under [28 U.S.C.] § 1654, under Texas law and [Federal Rule of Civil Procedure] 17(b), minors cannot exercise that right because they lack capacity to sue."). And it is unquestionable that her sister, Teambra, lacks the ability to sue *pro se* on M.R.'s behalf. *See id.*; 28 U.S.C. § 1654 (individuals may "plead and conduct their *own* cases personally or by counsel," not the cases of others).

physical assault of Plaintiffs by "gang member females" at Wilmer-Hutchins on May 1, 2023. *See* **Exhibit A-2, pp. 1–2**. These are the only apparent claims raised by the Complaint.

5. Under 28 U.S.C. § 1331, a federal district court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under 28 U.S.C. § 1441, removal of a case from state court to federal court is appropriate when a plaintiff's complaint makes a claim "arising under" federal law. In determining whether federal-question jurisdiction is present, the Supreme Court follows the "well-pleaded complaint rule," which looks to whether "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987). A federal question exists in cases "in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983). In making determinations under the well-pleaded complaint rule, "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Id.* at 22.

6. Because the Complaint alleges violations of the U.S. Constitution under federal law and necessarily depends on resolution of a substantial question of federal law, Principal Lane removes this case on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446.

7. Principal Lane timely files this Notice of Removal within the thirty (30) days of his receipt of the Complaint. *See* 28 U.S.C. § 1446(b).

8. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit is pending is located in this district.

9. Principal Lane will promptly file a copy of this Notice of Removal, as an attachment to a Notice of Filing Notice of Removal, with the clerk of the state court where the action has been pending.

## III.
## STATE COURT FILINGS

10. In accordance with 28 U.S.C. § 1446(a) and Local Rule 81.1, copies of the following items are attached to this Notice of Removal:

   A. An index of all documents that clearly identifies each document and indicates the date the document was filed in state court (*See* **Exhibit A**);

   B. A copy of the docket sheet in the state court action (*See* **Exhibit A-1**);

   C. Each document filed in the state court action, except discovery material (*See* **Exhibits A-2 – A-10)**; and

   D. A separately signed certificate of interested persons that complies with Local Rules 3.1(c) or 3.2(e).

## IV.
## CONCLUSION

11. Nothing in this Notice shall be interpreted as a waiver or relinquishment of any of Principal Lane's or any other defendant's rights to assert any defenses to Plaintiffs' causes of action or grounds for removal.

12. If any question arises as to the propriety of the removal of this action, Principal Lane requests the opportunity to brief any disputed issues and to present oral argument in support of his position that this case is properly removable.

13. Because Plaintiffs have attempted to assert federal claims in their Complaint or claims that necessarily depend on resolution of a substantial question of federal law, Principal Lane asks the Court to accept removal of this lawsuit.

Respectfully submitted,

*/s/      Adam Rothey*
K. ADAM ROTHEY
arothey@thompsonhorton.com
State Bar No. 24051274

KATHRYN E. LONG
klong@thompsonhorton.com
State Bar No. 24041679

EMILY C. ADAMS
eadams@thompsonhorton.com
State Bar No. 24131209

**THOMPSON & HORTON LLP**
500 North Akard Street, Suite 3150
Dallas, Texas 75201
972-853-5115 Telephone
972-692-8334 Facsimile

*Attorneys for William Lane*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing pleading has been served upon all parties via U.S. Mail and the Court's e-filing system on June 30, 2023.

Teambra Johnson & M.R.
700 N J. J. Lemmon Road, Apt 122
Hutchins, Texas 75141

*/s/      Adam Rothey*
K. ADAM ROTHEY