IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TEAMBRA JOHNSON and M.R., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-1453-E-BH |
| | § | |
| WILLIAM LANE, DISD SCHOOL | § | |
| BOARD MEMBERS, and | § | |
| UNKNOWN STUDENTS, | § | |
| | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

Based on the relevant filings and applicable law, the *Motion for the Appointment of Counsel*, filed October 31, 2023 (doc. 19), is **DENIED**.

"Absent exceptional circumstances, there is no automatic right to appointment of counsel in a civil rights case." *Wendell v. Asher*, 162 F.3d 887, 892 (5th Cir. 1998); *FTC v. Assail, Inc.*, 410 F.3d 256, 267 (5th Cir. 2005) (litigants in a civil case have no right to the appointment of counsel); *U.S. v. 16,540 in U.S. Currency*, 273 F.3d 1094, *1 (5th Cir. 2001) (per curiam)("'[t]here is no automatic right to the appointment of counsel; and in a civil case a federal court has considerable discretion in determining whether to appoint counsel.'") (quoting *Salmon v. Corpus Christi Indp't Sch. Dist.,* 911 F.2d 1165, 1166 (5th Cir.1990)). Courts in this circuit consider four factors in determining whether an *in forma pauperis* case presents "exceptional circumstances" that justify the appointment of counsel. *See Gonzales v. Carlin*, 907 F.2d 573, 579-80 (5th Cir. 1990) (citing *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982)). These factors include:

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

> conflicting testimony so as to require skill in the presentation of evidence and in cross examination.

*Id.* at 579; *see also Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (quoting *Ulmer*, 691 F.2d at 213)). Courts should generally make specific findings on each of these factors. *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986).

At this early stage of the litigation, the plaintiff has failed to show that counsel should be appointed. Her pleadings and written submissions reflect some understanding of court rules and procedures. The issues in the case are fairly straightforward and not complex. At this time, it is unclear whether the evidence in this case will consist of conflicting testimony so as to require skill in the presentation of evidence and cross-examination or whether the appointment of counsel will shorten trial or assist in a just determination. If the case proceeds to trial, the Court may on its own motion reconsider whether the circumstances warrant appointing counsel at that time.

The motion for appointment of counsel is **DENIED.**

**SO ORDERED** on this 2nd day of November, 2023.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE