IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TEAMBRA JOHNSON and M.R., § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> WILLIAM LANE, DISD SCHOOL § <br> BOARD MEMBERS, and § <br> UNKNOWN STUDENTS, § <br> Defendants. § | Civil Action No. 3:23-CV-1453-E-BH <br><br><br><br> Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, *Defendant William Lane's Motion to Dismiss Plaintiffs' Complaint and Brief in Support*, filed July 7, 2023 (doc. 5), should be **GRANTED**. The motion for leave to amend, contained within the response to the motion to dismiss (doc. 7), is **GRANTED in part**.

## I. BACKGROUND

This is a *pro se* civil rights action brought by Teambra Johnson (Johnson) and her minor sister, M.R., based on a physical assault at Wilmer-Hutchins High School (Wilmer-Hutchins) on May 1, 2023. (doc. 1-1 at 6-9.)[2] The plaintiffs appear to assert claims under 42 U.S.C. § 1983 for violations of their Eighth Amendment right against cruel and unusual punishment and Fourteenth Amendment rights to substantive due process, bodily integrity, and equal protection, and for civil conspiracy, against William Lane (Principal), all members of the Dallas Independent School District (DISD) (collectively Board Members), and Unknown Students. (*See id.*; doc. 7.)

The plaintiffs allege that while in school and "in the custody of DISD," they were assaulted

---

[1]By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

by "gang member female" students. (doc. 1-1 at 1.) Immediately before the incident, Johnson had told a counselor that female gang members were going to jump her, but the counselor had her stand in the hallway where she had "no way out to run." (doc. 7 at 2.) While the gang members were beating the plaintiffs, the counselor and unknown teachers allegedly stood by and watched. (docs. 1-1; 7 at 2.) Johnson was stabbed in the face with a blunt weapon, and her sister was thrown around "like a paper doll." (doc. 1-1 at 7.) Both "were both knocked unconscious temporarily" and sustained scratches, stab wounds, bruises, contusions, edema, and lumps which required medical attention. (*Id.*) M.R. was also "hospitalized due to her back", and she has seizures. (*Id.*)

The plaintiffs allege that Wilmer-Hutchins had been closed for two years at some point due to gang members, and that "[g]ang bullies have teachers scared to act." (doc. 7 at 2-3.) They claim violations of the Eighth Amendment and "due process of the law" because no criminal charges were filed. (doc. 1-1 at 7.) They also claim that there was "a civil conspiracy actionable under [§] 1983" because the counselor and teachers stood by and failed to interfere during the assault. (doc. 7 at 2.)

On May 11, 2023, the plaintiffs filed this lawsuit in state court. (*See* doc. 1-1.) After removing the case to federal court, Principal moved to dismiss all claims against him under Rule 12(b)(6). (doc. 5.) The plaintiffs responded on July 28, 2023, and Principal replied on August 7, 2023. (docs. 7, 8.)[3]

## II.  MOTION TO DISMISS

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se*

---

[3]The docket does not reflect that service has been effected on the other defendants.

complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196.

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Id*. at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 683.

3

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss or in a response to a Rule 12(b)(6) motion to dismiss, a court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988). If "matters outside the pleading[s] are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Nevertheless, "pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Similarly, documents attached to a motion to dismiss or to a response to a motion to dismiss "are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). Accordingly, documents falling in these three categories may be properly considered without converting the motion to dismiss into a motion for summary judgment.

Here, the plaintiffs attached Johnson's medical records to their response.[4] (doc. 7 at 6-16.)

---

[4] In their response to the motion to dismiss, the plaintiffs include new claims, allegations, and exhibits. (*See* doc. 7.) As a general rule, claims and allegations that are not raised in the complaint, but rather raised for the first time in a response to a dispositive motion are not properly before the court. *See Hearn v. Deutsche Bank Nat. Trust Co.*, 3:13-CV-2417-B, 2014 WL 4055473 at *4 n.3 (N.D. Tex. Aug. 15, 2014); *Middleton v. Life Ins. Co. of North America*,

4

Because the response is being construed as an amended complaint, the documents are considered part of the pleadings. *See In re Katrina Canal Breaches Litig.*, 495 F.3d at 205; *Collins*, 224 F.3d at 498. Accordingly, it is unnecessary to treat the motion to dismiss as a summary judgment motion.

### III. CLAIMS OF MINOR CHILD

Principal first moves to dismiss all of M.R.'s claims because she is a minor and cannot bring a cause of action on her own behalf, and Johnson cannot represent her in a suit in federal court because she is not a licensed attorney. (doc. 5 at 13-14.)

In the federal courts of the United States, "parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. Although individuals have the right to represent themselves or proceed *pro se* under this statute, minors and incompetent people cannot exercise that right because they lack capacity to sue. *See Raskin on behalf of JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280, 285 n.5 (5th Cir. 2023) (discussing capacity of minors); *Magallon v. Livingston*, 453 F.3d 268, 271 (5th Cir. 2006) (discussing capacity of incompetents). Federal Rule of Civil Procedure 17(b) provides that the capacity of an individual to sue is determined by the law of the individual's domicile. Under Texas law, a minor is considered to be under a legal disability and therefore lacks the capacity to bring a cause of action on her own behalf. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005). The age of majority in Texas is 18 years. Tex. Civ. Prac. & Rem. Code

---

H-09-CV-3270, 2010 WL 582552 at *5 (S.D. Tex. Feb. 12, 2010) (claim raised for first time in response to motion to dismiss was not properly before the court). The plaintiffs have not been granted leave to amend their petition to add these claims, allegations, and exhibits, and they have not shown that the defendants have consented to an amendment. *See* Fed. R. Civ. P. 15(a)(2). Nevertheless, the Fifth Circuit has held that courts should construe new allegations and theories in responses to dispositive motions as motions to amend. *See Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992) (deciding that a response to a motion to dismiss, in which plaintiff first alleged that she had been willfully discriminated against, should be treated as a motion to amend her pleadings); *see also Debowale v. U.S. Inc.*, 62 F.3d 395 (5th Cir. 1995) (per curiam). "This is particularly true where ... the litigant is *pro se* and has not yet made any amendments to [his] complaint." *Riley v. Sch. Bd. Union Par.*, 379 F. App'x 335, 341 (5th Cir. 2010). The plaintiffs' response to Principal's motion to dismiss is liberally construed as a motion to amend, it is **GRANTED in part**, and only the new claims, allegations, and exhibits that relate to Principal are considered.

5

§ 129.001.

Federal Rule of Civil Procedure 17(c) provides that a general guardian or similar fiduciary may sue on behalf of a minor or an incompetent person, and that a minor or an incompetent person who does not have such a duly appointed representative may sue by a next friend or guardian ad litem. *See Dobbs v. Warden*, No. 21-10657, 2022 WL 4244283, at *2 (5th Cir. Sept. 15, 2022) (per curiam) (unpublished), *abrogated on other grounds by Raskin*, 69 F.4th at 280. "However, the fact that a minor or incompetent person must be represented by a next friend, guardian ad litem, or other fiduciary does not alter the principle embodied in Section 1654 that a non-attorney is not allowed to represent another individual in federal court litigation without the assistance of counsel." *Blount v. Maness*, No. CV 1:14-CV-297, 2015 WL 5719851, at *7 (E.D. Tex. Sept. 28, 2015) (citing *Berrios v. New York City Housing Auth.*, 564 F.3d 130, 134 (2d Cir. 2009)). The Fifth Circuit has stated that "individuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law." *Weber v. Garza,* 570 F.2d 511, 514 (5th Cir. 1978); *see also Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer.").

Here, because Johnson is not licensed to practice law, she may not represent her minor sister in this *pro se* case. All claims asserted on behalf of M.R. should be dismissed without prejudice.[5]

## IV.  SECTION 1983

Johnson's claims for violations of her constitutional rights arise under 42 U.S.C. § 1983.

---

[5] The plaintiffs' pleadings in state court reveal that Johnson was born in early 2005, so she was 18 years old when this lawsuit was filed. *See Teambra Johnson v. William Lane; DISD, et al.*, CC-23-02890-E (County Court at Law No. 5, Dallas County, Tex., May 11, 2023). Because the filings in Dallas County Court are matters of public record, they can be judicially noticed. *See Norris*, 500 F.3d at 461 n.9; *see also Wang v. Prudential Ins. Co. of America*, 439 F. App'x 359, 363 (5th Cir. 2011) (holding that district court "did not impermissibly consider documents outside of the record in deciding the motion to dismiss, as the documents referred to were public court filings").

6

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a § 1983 claim, a plaintiff must allege facts that show (1) she has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). Personal involvement is essential to a claim under 42 U.S.C. § 1983. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). "To be liable under § 1983, [the individual defendant] must have been personally involved in the alleged constitutional deprivation or have engaged in wrongful conduct that is causally connected to the constitutional violation." *Turner v. Lieutenant Driver*, 848 F.3d 678, 695-96 (5th Cir. 2017) (citation omitted). Vague and conclusory allegations are insufficient to establish a § 1983 claim. *Sias v. Louisiana*, 146 F. App'x 719, 720 (5th Cir. 2005) (citing *Arnaud v. Odom*, 870 F.2d 304, 307 (5th Cir. 1989)).

A governmental employee who is sued under § 1983 may assert the affirmative defense of qualified immunity. *White v. Taylor*, 959 F.2d 539, 544 (5th Cir. 1992). Qualified immunity protects government officials performing discretionary functions from suit and liability for civil damages to the extent their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The doctrine protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Because an official is entitled to immunity from suit, not merely from liability, immunity questions should be resolved at the earliest possible stage in the litigation.

*See Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

The determination of whether a defendant is entitled to qualified immunity involves a two-prong inquiry. *See Trammell v. Fruge*, 868 F.3d 332, 339 (5th Cir. 2017). The first prong entails consideration of whether the facts alleged, taken in the light most favorable to the plaintiff, show a violation of a constitutional right. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citing *Saucier v. Katz*, 533 U.S. 194, 200 (2001)). Under the second prong, courts must decide whether the constitutional right was " 'clearly established' at the time of defendant's alleged misconduct." *Id.* (quoting *Saucier*, 533 U.S. at 201). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202. Courts may "analyze the prongs in either order or resolve the case on a single prong." *Garcia v. Blevins*, 957 F.3d 596, 600 (5th Cir. 2020) (citing *Morrow v. Meachum*, 917 F.3d 870, 874 (5th Cir. 2019)); see *Pearson*, 555 U.S. at 236. If the court answers both the constitutional violation and clearly established questions in the affirmative, the defendant is not entitled to qualified immunity. *Lytle v. Bexar County, Tex.*, 560 F.3d 404, 410 (5th Cir. 2009).

"The issue of qualified immunity is often resolved on summary judgment, but the Court may also consider the issue in a motion to dismiss." *Gill v. Delvin*, 867 F. Supp.2d 849, 855 (N.D. Tex. 2012) (citing *Iqbal*, 556 U.S. at 677-78). "When a defendant raises a qualified immunity defense, the defense is presumed to apply, and the plaintiff bears the burden of demonstrating the inapplicability of that defense." *Doe on Behalf of Doe v. Dallas Indep. Sch. Dist.*, 534 F. Supp.3d 682, 690 (N.D. Tex. 2021) (citing *Cantrell v. City of Murphy*, 666 F.3d 911, 918 (5th Cir. 2012)). To satisfy this burden on a motion to dismiss, "plaintiffs must successfully allege that the defendants 'violated a

8

statutory or constitutional right, and that the right was 'clearly established' at the time of the challenged conduct.' " *Terwilliger v. Reyna*, 4 F.4th 270, 284 (5th Cir. 2021) (quoting *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011)) (cleaned up). Here, Principal has asserted his qualified immunity defense, so the burden is on Johnson to plead sufficient facts showing the inapplicability of that defense.

A.   **Eighth Amendment Claim**

Principal argues that Johnson cannot state a viable claim against him for a violation of her Eighth Amendment right against the infliction of cruel and unusual punishment. (doc. 5 at 15.)

The Eighth Amendment of the United States Constitution prohibits the infliction of "cruel and unusual punishments." U.S. CONST. amend. VIII. The Supreme Court and Fifth Circuit have long emphasized that the Eighth Amendment applies only to those persons convicted of crimes. *Ingraham v. Wright*, 430 U.S. 651, 664 (1977) ("An examination of the history of the [Eighth] Amendment and the decisions of this Court construing the proscription against cruel and unusual punishment confirms that it was designed to protect those convicted of crimes."); *Palermo v. Rorex*, 806 F.2d 1266, 1271 (5th Cir. 1987) ("The cruel and unusual punishment clause of the Eighth Amendment applies only in criminal actions, following a conviction.").

Here, there no allegations that Johnson was convicted of a crime. Because she does not fall within the zone of protection which the Eighth Amendment sought to create, any claim based on a violation of the cruel and unusual punishment clause of the Eighth Amendment fails as a matter of law. *See Ingraham*, 430 U.S. at 664; *see, e.g., Doe v. Wharton Indep. Sch. Dist.*, No. 2:16-CV-00048, 2016 WL 2610024, at *2 (S.D. Tex. May 6, 2016) (dismissing student's Eighth Amendment claims as "it is well-settled that the Eighth Amendment, ordinarily applicable to those who are detained,

9

institutionalized, or imprisoned, does not apply to school settings"). Because Johnson has failed to allege a plausible constitutional violation under the Eighth Amendment, Principal is entitled to qualified immunity on this claim.

B.      **Due Process Clause Claim**

Principal contends that he is entitled to qualified immunity on Johnson's due process clause claim because she fails to state a viable claim against him for violating her substantive due process right to bodily integrity. (doc. 5 at 17.)

"The substantive component of the Due Process Clause under the Fourteenth Amendment secures the 'right to be free of state-occasioned damage to a person's bodily integrity.'" *Tyson v. Sabine*, 42 F.4th 508, 517 (5th Cir. 2022) (quoting *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 450-51 (5th Cir. 1994) (en banc)). As a general matter, the Due Process Clause does not require a state official to protect an individual from private violence. *McClendon v. City of Columbia*, 305 F.3d 314, 324 (5th Cir. 2002). "The Supreme Court has recognized an exception to this general rule where a special relationship exists between the state and the individual." *Randolph v. Cervantes*, 130 F.3d 727, 730 (5th Cir. 1997) (citing *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 199-200 (1989)). A special relationship is formed "[w]hen the state, through the affirmative exercise of its powers, acts to restrain an individual's freedom to act on his own behalf 'through incarceration, institutionalization, or other similar restraint of personal liberty.'" *Kovacic v. Villarreal*, 628 F.3d 209, 213 (5th Cir. 2010) (quoting *McClendon*, 305 F.3d at 324). The Fifth Circuit has explicitly held that "a public school does not have a special relationship with a student that would require the school [and its employees] to protect the student from harm at the hands of a private actor." *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 856 (5th Cir. 2012) (en banc). This

10

is because "[p]ublic schools do not take students into custody and hold them there against their will in the same way that a state takes prisoners, involuntarily committed mental health patients, and foster children into its custody." *Id.* at 857-58 (citing *DeShaney*, 489 U.S. at 199-200; *Griffith v. Johnston*, 899 F.2d 1427, 1439 (5th Cir. 1990)).

The state-created danger theory is another exception to the general rule that § 1983 liability cannot arise out of the wrongdoings of private actors. *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 313 (5th Cir. 2002). Under this exception, a state actor may be liable under § 1983 if it created or knew of a dangerous situation and affirmatively placed a plaintiff in that situation. *See Covington*, 675 F.3d at 864. Although the Fifth Circuit has repeatedly declined to adopt it as an exception, it has noted that the state-created danger theory requires a plaintiff to allege that (1) "the defendants used their authority to create a dangerous environment for the plaintiff" and (2) "that the defendants acted with deliberate indifference to the plight of the plaintiff." *Covington*, 675 F.3d at 865 (internal citations and alterations omitted); *see also Joiner v. United States*, 955 F.3d 399, 407 (5th Cir. 2020) ("We have repeatedly declined to recognize the state-created danger doctrine in this circuit."). Moreover, the "state-created danger theory is inapposite without a known victim." *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 424 (5th Cir. 2006) (citation omitted).

Here, Johnson alleges that DISD failed to protect the plaintiffs from being assaulted by other students on May 1, 2023 (doc. 1-1 at 1), but she does not explain how Principal was personally involved in any constitutional violation or engaged in any wrongful conduct causally connected to him. *See Turner*, 848 F.3d at 695-96. She fails to plead facts sufficient to support a plausible inference of a special relationship with Principal; there are no allegations that Principal became her primary caregiver or that she was taken into his custody. *See I.M. by M.M. v. Houston Indep. Sch.*

11

*Dist.*, No. H-20-3453, 2021 WL 2270271, at *3 (S.D. Tex. June 3, 2021) (finding teacher was entitled to qualified immunity on § 1983 claim by disabled student sexually assaulted by another student because complaint failed to plausibly allege the existence of a special relationship between teacher and student). While she contends that she was in DISD's custody when the assault occurred, the Fifth Circuit has repeatedly held that a student's attendance at school, even if mandated by compulsory attendance laws, does not "alone create a special relationship giving rise to a constitutionally rooted duty of school officials to protect students from private actors." *Doe v. Hillsboro Indep. Sch. Dist.*, 113 F.3d 1412, 1415 (5th Cir. 1997); *accord Covington*, 675 F.3d at 861. Johnson also has not alleged a plausible claim for relief under the state-created danger doctrine, even if it exists in the Fifth Circuit. She pleads no facts alleging that Principal had any personal involvement in creating a dangerous environment for her, or that he was deliberately indifferent to her plight. *See Covington*, 675 F.3d at 865. While Johnson alleges that she informed a counselor that gang members were going to jump her at school, and that the counselor stood by and watched while she was being assaulted, there are no allegations that Principal knew, or had reason to know, that she would be assaulted by those students. *See Rios*, 444 F.3d at 424. Without an allegation that Principal was personally involved in any violation of Johnson's constitutional rights, her claim against him necessarily fails. *See Thompson*, 709 F.2d at 382 (explaining that an "affirmative link" is needed between the constitutional injury and the conduct of defendant to state a § 1983 claim). Because Johnson has failed to sufficiently state a constitutional violation under the substantive component of the Due Process Clause of the Fourteenth Amendment, Principal is entitled to qualified immunity on her substantive due process claim.

C. **Equal Protection Clause Claim**

Principal also moves to dismiss Johnson's equal protection claim because she cannot show any constitutional violation caused by him. (doc. 5 at 23.)

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting U.S. CONST. amend. XIV, § 1). To state an equal protection claim under § 1983, a plaintiff must allege that she "received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001).

Here, Johnson generally alleges that she was denied "equal protection of the law" because no charges have been filed, despite the severity of her injuries from the assault. (doc. 1-1 at 7.) A private citizen does not have a constitutional right to have someone criminally prosecuted, however. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990); *see, e.g., Franklin v. Ennis Police Dep't*, 996 F.2d 306 (5th Cir. 1993) ("Although Franklin contends he has been denied equal protection, he has failed to allege an actionable violation of his equal protection rights because he has no constitutional right to have another person prosecuted."). She also alleges that "[g]ang bullies have teachers scared to act and this denied [her] protection" (doc. 7 at 3), but "[t]he right to be protected by the state from private violence is limited and rests on substantive due process." *Doe v. Columbia-Brazoria Indep. Sch. Dist. by & through Bd. of Trustees*, 855 F.3d 681, 688 (5th Cir. 2017) (finding no legal basis for student's § 1983 equal protection claim involving sexual assault by another student); *Thompson as Next Friends of ACD v. Pass Christian Pub. Sch. Dist.*, No. 1:22CV125-LG-RPM, 2023 WL 2577232, at

13

*5 (S.D. Miss. Mar. 20, 2023) (dismissing equal protection claim because student's "claim that the defendants should have protected him from his teammate's bullying can only be considered as a substantive due process claim, not another form of Fourteenth Amendment claim"). Because Johnson has failed to allege a plausible constitutional violation under the Equal Protection Clause of the Fourteenth Amendment, Principal is entitled to qualified immunity on her equal protection claim.

### D.  Conspiracy Claim

Principal contends that Johnson has failed to allege a viable conspiracy claim under § 1983. (doc. 8 at 7 n.1.)

To state a conspiracy claim under § 1983, a plaintiff must allege facts to support "(1) the existence of a conspiracy involving state action and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990), *abrogated on other grounds as recognized by Martin v. Thomas*, 973 F.2d 449, 455 (5th Cir. 1992). A bald allegation that a conspiracy exists, unsupported by any factual allegations, is insufficient to state claim. *Lynch v. Cannatella*, 810 F.2d 1363, 1370 (5th Cir. 1987); *see also Green v. State Bar of Tex.*, 27 F.3d 1083, 1089 (5th Cir. 1994) (stating that a plaintiff is required to allege facts sufficient to suggest an agreement among one or more parties).

Johnson generally alleges that there was a conspiracy among the counselor and unknown teachers who witnessed the assault. (doc. 7 at 2.) These conclusory and vague allegations fail to state a § 1983 conspiracy claim against Principal. *See Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004) (explaining that "[a]llegations that are merely conclusory, without reference to specific facts, will not suffice" to establish a § 1983 conspiracy claim). Notably, Johnson's "pleadings make no specific factual contentions regarding the nature of the conspiracy or the participants' roles in the

14

same." *Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 F. App'x 665, 675 (5th Cir. 2015). Johnson therefore fails to state a cognizable claim for conspiracy under § 1983 against Principal, and the claim should be dismissed.

## V. RECOMMENDATION

Principal's motion to dismiss should be **GRANTED**; M.R.'s claims should be **DISMISSED without prejudice**, and Johnson's claims against Principal in his individual capacity should be **DISMISSED with prejudice** for failure to state a claim. Johnson's claims against Principal in his official capacity[6] and her claims against the other defendants remain pending.

**SO RECOMMENDED** on this 6th day of December, 2023.

*(signature)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[6]Even though "individual capacity" is included under the names of the defendants in the case style of the original petition and the plaintiffs' other filings, Johnson appears to also sue Principal in his official capacity. Courts look to the course of proceedings to determine the capacity in which a defendant is sued. *See United States ex rel. Adrian v. Regents of Univ. of Ca.*, 363 F.3d 398, 402-03 (5th Cir. 2004) (noting that while it was unclear whether the complaint named employees in their official or personal capacities, the course of proceedings demonstrated that they were only named in their official capacities, and plaintiff had not challenged the assertion that the employees should be dismissed because they were only named in their official capacities); *Harmon v. Dallas Cty.*, 294 F. Supp. 3d 548, 569 n.6 (N.D. Tex. 2018) (same); *but see Douglas v. Gusman*, 567 F. Supp.2d 877, 888-89 (E.D. La. 2008) (when a *pro se* plaintiff does not specify whether a defendant in named in his official or individual capacity, it is generally presumed by operation of law that the defendant is named in his official capacity) (citations omitted). Because there are no allegations of personal involvement by Principal, the original petition can be liberally construed as asserting claims against him in his official capacity. *See Thomas v. State*, 294 F. Supp.3d 576, 604 n.13 (N.D. Tex. 2018) (citations omitted).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE