IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TEAMBRA JOHNSON and M.R.,** | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-1453-E-BH |
| | § | |
| **WILLIAM LANE, DISD SCHOOL** | § | |
| **BOARD MEMBERS, and** | § | |
| **UNKNOWN STUDENTS,** | § | |
| Defendants. | § | |

### ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant William Lane's Motion to Dismiss Plaintiff's Complaint and Brief in Support, which seeks to dismiss all claims against Lane based on Federal Rule of Civil Procedure 12(b)(6). (ECF No. 5). Plaintiff Johnson responded to this motion to dismiss, (ECF No. 7), and Lane has replied, (ECF No. 8). On December 6, 2023, then United States Magistrate Judge Irma Carrillo Ramirez[1] issued her Findings Conclusions, and Recommendation (FCR), which ultimately recommended the following:

> Principal's motion to dismiss should be **GRANTED**; M.R.'s claims should be **DISMISSED without prejudice**, and Johnson's claims against Principal in his individual capacity should be **DISMISSED with prejudice** for failure to state a claim. Johnson's claims against Principal in his official capacity[] and her claims against the other defendants remain pending.

(ECF No. 22 at 15) (emphasis in bold in original, footnote omitted).[2]

On December 19, 2023, Lane filed objections to the FCR. (ECF No. 33). On December 22, 2023, Johnson filed objections to the FCR. (ECF No. 36). The Court reviewed de novo those

---

[1] Judge Ramirez has since joined the United States Court of Appeals for the Fifth Circuit. United States Magistrate Judge L. David has been reassigned to this case. (*See* ECF No. 25).

[2] The FCR refers to Lane as "Principal."

portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. For the reasons discussed hereunder, the Court accepts the FCR in part but also dismisses all claims asserted against Lane—both in his individual capacity and official capacity.

## I.   JOHNSON'S § 1983-BASED EIGHTH AMENDMENT, DUE PROCESS, AND EQUAL PROTECTION CLAIMS AGAINST LANE IN HIS OFFICIAL CAPACITY

To state a claim under 42 U.S.C. § 1983, a Plaintiff must allege: (i) "some person has deprived [her] of a federal right" guaranteed by the United States Constitution or federal law; and (ii) "the person who deprived [her] of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). The existence of a constitutional violation is a "threshold" requirement in any § 1983 claim. *Peterson v. City of Fort Worth*, 588 F.3d 838, 844 (5th Cir. 2009). "[W]ithout an underlying *constitutional* violation, there can be no § 1983 liability[.]" *Becerra v. Asher*, 105 F.3d 1042, 1047 (5th Cir. 1997) (emphasis in original).

Lane's motion to dismiss does not distinguish whether Johnson sued him in the official capacity or individual capacity. (*See* ECF Nos. 5, 8). The Fifth Circuit has explained:

> To assert a plausible individual-capacity claim, [a plaintiff] must show a violation of [her] federal constitutional or statutory rights. *Palmer v. Johnson,* 193 F.3d 346, 351 (5th Cir.1999) ("The doctrine of qualified immunity shields a state official from personal liability for damages under 42 U.S.C. § 1983 when the official's exercise of discretionary authority results in a violation of an individual's federal constitutional or statutory rights, 'unless at the time and under the circumstances of the challenged conduct all reasonable officials would have realized that it was proscribed by the federal law on which the suit is founded.' "). A viable official-capacity claim . . . must also allege a plausible constitutional violation. *NiGen Biotech,* 804 F.3d at 394.

*Osborne v. Travis Cnty.*, 638 F. App'x 290, 294 n.6 (5th Cir. 2016). For this individual or official capacity distinction as applied to Lane, the FCR states:

> Even though "individual capacity" is included under the names of the defendants

> in the case style of the original petition and the plaintiffs' other filings, Johnson appears to also sue Principal in his official capacity. Courts look to the course of proceedings to determine the capacity in which a defendant is sued. . . . Because there are no allegations of personal involvement by Principal, the original petition can be liberally construed as asserting claims against him in his official capacity. *See Thomas v. State*, 294 F. Supp.3d 576, 604 n.13 (N.D. Tex. 2018) (citations omitted).

(ECF No. 22 at 15 n.6) (internal parentheticals omitted). In light of the filings in this case, the Court agrees with the FCR—that Johnson sued Lane in both his individual capacity and his official capacity.

As analyzed and determined in the FCR, Johnson failed to allege any plausible constitutional violation against Lane. (ECF No. 22 at 6-14). The Court accepts this conclusion. The FCR recommends that "Johnson's claims against Principal in his individual capacity should be DISMISSED with prejudice for failure to state a claim." (ECF No. 22 at 15). The Court accepts this recommendation. The FCR next recommends that Johnson's claims against Lane "in his official capacity . . . remain pending." (ECF No. 22 at 15).

Because Johnson's pleadings do not allege a plausible constitutional violation, Johnson fails to meet the "threshold" requirement for any § 1983 claim. *See Peterson*, 588 F.3d at 844; *Becerra*, 105 F.3d at 1047. Regardless of whether Johnson's claims against Lane are alleged in his individual capacity or his official capacity, Johnson's failure to allege a plausible constitutional violation results in the same conclusion: those § 1983 claims fail. *See Osborne*, 638 F. App'x at 293 (explaining in a case in which Osborne alleged § 1983 claims against Vaughan that "[w]hether or not Osborne alleges an official- or individual-capacity claim against Vaughan, his claims against her fail because Osborne's complaint does not allege a plausible constitutional violation."). For the reasons above, the Court GRANTS Lane's motion to dismiss as to Johnson's § 1983-based Eighth Amendment, due process, and equal protection claims against Lane in both his official

capacity and his individual capacity.

## II. JOHNSON'S § 1983-BASED CIVIL CONSPIRACY CLAIM AGAINST LANE IN HIS OFFICIAL CAPACITY

For the requirements of a conspiracy claim under § 1983, the Fifth Circuit has explained:

> To establish a conspiracy claim under § 1983, the plaintiff must show that there was an agreement among the alleged co-conspirators to deprive [her] of [her] constitutional rights and that such an alleged deprivation actually occurred. *See Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994); *Estate of Farrar v. Cain*, 941 F.2d 1311, 1313 (5th Cir. 1991). Conclusory allegations that do not reference specific factual allegations tending to show an agreement do not suffice to state a civil rights conspiracy claim under § 1983. *See Arsenaux v. Roberts*, 726 F.2d 1022, 1023–24 (5th Cir. 1982). Although we accept well-pleaded facts as true and view them in the light most favorable to the plaintiff, a complaint "that offers labels and conclusions" or "naked assertion[s] devoid of further factual enhancement" is not plausible for purposes of Rule 12(b)(6). *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

*Montgomery v. Walton*, 759 F. App'x 312, 314 (5th Cir. 2019). To establish her conspiracy claim, Johnson must plead specific, nonconclusory facts that there was an agreement among the defendants to violate her federal civil rights. *See Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004) ("Allegations that are merely conclusory, without reference to specific facts, will not suffice" to establish a § 1983 conspiracy claim).

Johnson's response—which the Court construes as her amended pleading—alleges civil conspiracy. (ECF No. 7). Lane responds to this allegation in his reply. (*See* ECF No. 8). The FCR states:

> Johnson generally alleges that there was a conspiracy among the counselor and unknown teachers who witnessed the assault. (doc. 7 at 2.) These conclusory and vague allegations fail to state a § 1983 conspiracy claim against Principal. . . . Notably, Johnson's "pleadings make no specific factual contentions regarding the nature of the conspiracy or the participants' roles in the same." *Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 F. App'x 665, 675 (5th Cir. 2015).

(ECF No. 22 at 14) (internal parenthetical omitted). The FCR (i) concludes that Johnson fails to state a cognizable claim for conspiracy under § 1983 against Lane and (ii) recommends that

claim—as alleged against Lane in his individual capacity—should be dismissed with prejudice. (ECF No. 22 at 15). The Court accepts that conclusion and recommendation. The FCR next recommends that Johnson's claims against Lane "in his official capacity . . . remain pending." (ECF No. 22 at 15).

Because Johnson's pleadings "make no specific factual contentions regarding the nature of the conspiracy or the participants' roles in the same," Johnson fails to establish any conspiracy claim under § 1983. *See Montgomery*, 759 F. App'x at 314; *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (internal quotation omitted). For the reasons above, the Court GRANTS Lane's motion to dismiss as to Johnson's § 1983-based civil conspiracy claim against Lane in both his official capacity and his individual capacity.

### III.   REMAINING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS

The above decisions notwithstanding, the Court has discovered no other errors in the FCR. (*See* ECF No. 22). The Court is of the opinion that the remaining Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court.

### IV.   CONCLUSION

Defendant William Lane's Motion to Dismiss Plaintiffs' Complaint and Brief in Support, filed July 7, 2023, (ECF No. 5), is **GRANTED** as follows: M.R.'s claims are **DISMISSED without prejudice**, and Teambra Johnson's claims against William Lane—both in his individual capacity and official capacity—are **DISMISSED with prejudice** for failure to state a claim.

**SIGNED** this 3rd day of January, 2024.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE