IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TEAMBRA JOHNSON and M.R., | § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:23-cv-1453-E-BN |
| WILLIAM LANE, DISD SCHOOL BOARD MEMBERS, and UNKNOWN STUDENTS, | § § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

This case filed in state court and removed to federal court, under 28 U.S.C. §§ 1331 and 1441, has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ada Brown. *See also* Dkt. No. 25 (reassigning the referral of this case to the undersigned under Special Order 3-351).

On January 3, 2024, the Court granted Defendant William Lane's motion to dismiss and thereby dismissed Plaintiff M.R.'s claims against Mr. Lane without prejudice and Plaintiff Teambra Johnson's claims against Mr. Lane with prejudice. *See* Dkt. No. 41.

Prior to entry of this order, Mr. Lane filed a notice under Federal Rule of Civil Procedure 11, advising the Court of his concern that the *pro se* plaintiffs have not personally signed the pleadings in this case. *See* Dkt. No. 34.

Mr. Lane's notice sets out the involvement of an individual identified as Ivery

Clark Williams in this proceeding, who sometimes goes by the names Ivery T. Williams, Ivery Trevino Williams, or Ivery Trevino Clark Williams. *See id.* at 3-6; Dkt. Nos. 34-1, 34-2, 34-3, 34-4, 34-5, 34-6, 34-7, 34-8, 34-9, & 34-10.

Most notably in this regard, in a filing dated August 29, 2023, Plaintiffs moved to appoint Mr. Williams their guardian ad litem in this lawsuit and, in support of their request, represented that Mr. Williams "has filed this lawsuit and all papers on our behalf, and he is not an attorney." Dkt. No. 34 at 4 (quoting Dkt. No. 11 at 1).

This notice caused the undersigned to question whether there is federal subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("Subject-matter limitations on federal jurisdiction serve institutional interests. They keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94-95 (1998); FED. R. CIV. P. 12(h)(3); 28 U.S.C. § 1447(c))).

The Court therefore entered an order on January 10, 2024 explaining its jurisdictional concerns and requiring Ms. Johnson and Mr. Williams to appear in person for a hearing on February 8, 2024 to show cause why this lawsuit should not be dismissed. *See* Dkt. No. 43 (also requiring counsel for Mr. Lane to appear, noting that the order dismissing the claims against him, even with prejudice, was interlocutory).

Because Mr. Williams and counsel for Mr. Lane attended the hearing on February 8 but Ms. Johnson did not, *see* Dkt. No. 45, the Court reset the show cause

hearing to February 29, 2024 and cautioned Ms. Johnson "that failure to appear in person for the scheduled hearing may subject this lawsuit to remand to state court if the Court determines that Ms. Johnson has failed to establish that this Court had subject-matter jurisdiction at the time of removal (as explained in the January 10 order [Dkt. No. 43]) or, if the Court determines that it had subject-matter jurisdiction, could subject this lawsuit to dismissal under Federal Rule of Civil Procedure 41(b), for failure to prosecute and obey a court order." Dkt. No. 46.

On February 29, Mr. Lane filed an advisory with the Court advancing his view that the Court possesses subject matter jurisdiction. *See* Dkt. No. 47. And, at the hearing held that date, again, Mr. Williams and counsel for Mr. Lane attended but Ms. Johnson did not. *See* Dkt. Nos. 48 & 49.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should vacate its prior orders and remand this lawsuit because it has not been shown that, at the time of removal, the Court had subject matter jurisdiction or that, in the alternative, if the Court determines that there was subject matter jurisdiction at the time of removal, it should dismiss this lawsuit without prejudice under Federal Rule of Civil Procedure 41(b).

**Discussion**

"Under the dictates of Article III of the United States Constitution, federal courts are confined to adjudicating actual 'cases' and 'controversies.'" *Henderson v. Stalder*, 287 F.3d 374, 378 (5th Cir. 2002) (quoting U.S. CONST. art. III, § 2, cl. 1). "There is no case or controversy without standing to sue." *Williams v. Parker*, 843

F.3d 617, 620 (5th Cir. 2016) (citing *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). Consequently, Article III "[s]tanding is a threshold issue that [a federal court must] consider before examining the merits." *Id.* (citing *Cibolo Waste, Inc. v. City of San Antonio*, 718 F.3d 469, 473 (5th Cir. 2013)).

If they have standing to sue, plaintiffs in federal court may proceed in one of two ways: they "may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654; *see also Raskin ex rel. J.D. v. Dall. Indep. Sch. Dist.*, 69 F.4th 280, 283 (5th Cir. 2023) ("'[A] party can represent himself or be represented by an attorney,' because § 1654 says he can. On the other hand, he 'cannot be represented by a nonlawyer,' because the statute does not include the phrase, 'or by a nonlawyer.'" (quoting *Gonzalez v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998))); *McPhail v. United States*, No. 5:22-cv-253-H-BQ, 2022 WL 20510185, at *4 (N.D. Tex. Dec. 29, 2022) ("[T]o proceed '*pro se* means to appear for one's self,' and therefore 'a person may not appear on another person's behalf in the other's cause.'" (quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998))), *rec. accepted*, 2023 WL 5216501 (N.D. Tex. Aug. 14, 2023).

> But
>
> the right to proceed *pro se* under § 1654 is not limited to cases where the *pro se* party is a named plaintiff. The statute provides for *pro se* representation in any case that is a party's "own." This language is rooted in the Judiciary Act of 1789, which said that "parties may plead and manage their own causes personally or by the assistance of counsel." At the Founding, "own" meant "belonging to" oneself, and it means the same thing today. Accordingly, for a person to invoke § 1654, the only requirement is that the case he seeks to prosecute must belong to him.

*Raskin*, 69 F.4th at 283 (cleaned up); *accord Iannaccone*, 142 F.3d at 558.

This requirement – that a non-lawyer may only bring a lawsuit that is the non-lawyer's "own" – coincides with a core requirement for standing to sue: a personal injury. "At the core of the standing doctrine is the requirement that a plaintiff 'allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 51 (1991) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)).

And, where a non-lawyer files a lawsuit that is not his "own" – and therefore fails to allege an injury that is personal to him – the lawsuit is subject to dismissal for lack of standing. *Cf. McPhail*, 2022 WL 20510185, at *4 ("[E]ven if a layperson who initiated suit on behalf of another could show that he or she has a 'personal stake' in the litigation to satisfy constitutional standing, the complaint would nevertheless suffer from a defect under § 1654 as to any claim asserted on behalf of the other."); *Hill v. First Fin. Bank Shares*, No. 1:17-cv-25-BL, 2017 WL 838267, at *3 (N.D. Tex. Mar. 2, 2017) ("Because Mr. Myart is proceeding *pro se* as permitted by 28 U.S.C. § 1654, the complaint as to him does not suffer the same procedural defect as it does with respect to the Hills. Nevertheless, it is not without deficiency. Although Mr. Myart purports to bring this action on behalf of himself and the other *pro se* plaintiffs, it is unclear from the complaint how he has standing to file the action on his own behalf.").

But, where a non-lawyer files a lawsuit that is not his "own" – and therefore fails to allege an injury that is personal to him – in state court and that lawsuit is removed to federal court, the lack of subject matter jurisdiction requires that the

Court remand the case to state court, not dismiss it without prejudice.

As the United State Court of Appeals for the Fifth Circuit recently put it, and equally applicable here,

> compliance with § 1331 is necessary but not sufficient for federal subject matter jurisdiction. The plaintiffs must also show that they have Article III standing. *See Steel Co.*, 523 U.S. at 103-04. [If] the plaintiffs lack standing, the district court lacks subject matter jurisdiction under [28 U.S.C.] § 1447(c) to do anything but remand the removed case.

*Lutostanski v. Brown*, 88 F.4th 582, 588 (5th Cir. 2023).

This outcome is consistent with the principles that the removing party bears the burden of establishing jurisdiction; that statutes that authorize removal are meant to be strictly construed; and that any doubt as to the propriety of removal should be resolved in favor of remand. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001); *Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 89 (5th Cir. 2013); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

And the outcome comports with that the statute itself "declares that, where subject matter jurisdiction is lacking, the removed case *shall* be remanded." *Lutostanski*, 88 F.4th at 587 (emphasis in original; quoting *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991)).

As Mr. Lane explained in his December 20, 2023 notice concerning Rule 11,

> despite the fact that the Court denied Ms. Johnson's motion to appoint Mr. Williams as her guardian ad litem in this matter (Dkt. 23), Mr. Williams continues to improperly file pleadings purportedly on Ms. Johnson's behalf, such as the Motion to Reurge, and purport to act as her unlicensed counsel. Further, as will be demonstrated below, it now appears that Mr. Williams, not Ms. Johnson, has signed and filed all pleadings and written motions in this case, in flagrant violation of Rule 11. As a result, Principal Lane requests that the Court deny the Motion to Reurge and order that Ms. Johnson demonstrate that she, not Mr.

> Williams, is the one who has personally signed all pleadings in this case or else show cause why her case should not be dismissed for failure to comply with Rule 11.

Dkt. No. 34 at 3 (emphasis omitted).

But, as set out above, if Mr. Williams signed all pleadings in this case and thus is the true *pro se* litigant but is not prosecuting claims that are his own (but instead claims that belong to either Ms. Johnson or M.R.), the Court's concerns run deeper than Rule 11 violations.

And, when the Court attempted to ensure its own subject matter jurisdiction, the supposed true remaining *pro se* plaintiff, Ms. Johnson, refused to honor two orders to appear in person.

And Mr. Lane appears to have backtracked from his prior position "that Mr. Williams, not Ms. Johnson, has signed and filed all pleadings and written motions in this case, in flagrant violation of Rule 11." Dkt. No. 34 at 3 (emphasis omitted); *see* Dkt. No. 47 at 3 ("Even in the absence of Ms. Johnson's appearance at the show cause hearing, however, Ms. Johnson's Objection – which appears to be signed by her – confirms that Ms. Johnson personally signed her state court Civil Rights Complaint that Principal Lane then properly removed to this Court based on federal question jurisdiction under 28 U.S.C. § 1331." (citation omitted)).

But Mr. Lane's new position is based on a lay person's examination of handwriting samples and testimony from Mr. Williams, who filed numerous frivolous lawsuits in this district while a Texas prisoner, some of which the undersigned managed pretrial under 28 U.S.C. § 636(b), and who the undersigned does not find to be credible.

And the undersigned is not convinced that "enter[ing] an order pursuant to 28 U.S.C. § 1653, granting Ms. Johnson leave to file an amended Civil Rights Complaint signed by her" – as Mr. Lane suggests as a solution to the jurisdictional deficiencies, Dkt. No. 47 at 4 – addresses the core standing concerns set out above, particularly in the removal context, *see, e.g.*, *Texas v. Travis Cnty.*, 272 F. Supp. 3d 973, 978 (W.D. Tex. 2017) ("The general rule is that 'standing is to be determined as of the commencement of the suit.' *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 571-72 (1992). Though a plaintiff may later amend her complaint, post-filing events generally cannot cure a jurisdictional defect that existed at the time the original complaint was filed. *Camsoft Data Sys., Inc. v. S. Elec. Supply, Inc.*, 756 F.3d 327, 337 (5th Cir. 2014); *see also Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 218 (5th Cir. 2012) ('Although 28 U.S.C. § 1653 and Federal Rule of Civil Procedure 15(a) allow amendments to cure defective jurisdictional allegations, these rules do not permit the creation of jurisdiction when none existed at the time the original complaint was filed.')." (cleaned up)); *see also Arena*, 669 F.3d at 224 (citing *Russell v. Basila Mfg. Co.*, 246 F.2d 432, 433 (5th Cir. 1957), for the proposition that, "when a defect is basic and actual rather than formal, amendment pursuant to 28 U.S.C. § 1653 is unavailing").

For all these reasons, the record before the Court reflects that this lawsuit has been brought by a *pro se* litigant who is prosecuting claims based on an alleged injury that is not his own and who therefore lacks standing to bring those claims. And, when the undersigned raised this core jurisdictional deficiency, Ms. Johnson failed to come

forward to tell the Court plainly that this is indeed her lawsuit – to, in effect, own the pleadings and filings made by Mr. Williams. And, absent Ms. Johnson coming forward, the party invoking federal jurisdiction has not offered sufficient evidence or argument to show the undersigned that federal subject matter jurisdiction existed at the time of removal.

So the Court "lacks subject matter jurisdiction … to do anything but remand the removed case," *Lutostanski*, 88 F.4th at 588, and consequently must vacate all orders entered in this case after removal, *see Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (Federal Rule of Civil Procedure 54(b) "authorizes the district court to revise at any time any order or other decision that does not end the action." (cleaned up; quoting FED. R. CIV. P. 54(b)). *Cf. Speed v. Bank of N.Y.*, No. 3:14-cv-3425-L-BN, 2014 WL 6473420, at *2 (N.D. Tex. Nov. 18, 2014) ("The Court cannot allow a layperson to represent a *pro se* litigant, and any judgment on the merits entered in such a case is subject to vacatur by the Court of Appeals." (citing *Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012) (per curiam) ("The District Court also should not have reached the merits of [*pro se*] father's claim in the absence of proper representation." (citations omitted)))).

In the alternative, if the Court disagrees with the undersigned's jurisdictional assessments, such that the Court finds that federal subject matter jurisdiction existed at the time of removal, this lawsuit still should not move forward in this Court.

Federal Rule of Civil Procedure 41(b) "authorizes the district court to dismiss

an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute); *see also Campbell v. Wilkinson*, 988 F.3d 798, 800-01 (5th Cir. 2021) (holding that the text of Rule 41(b) does not extend to a failure to comply with a court's local rule insofar as that violation does not also qualify as a failure to prosecute (discussing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992))).

This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)); *Campbell*, 988 F.3d at 800 ("It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." (citing *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 251 (5th Cir. 1984) (citing, in turn, *Link*, 370 U.S. at 631))).

And the Court's authority under Rule 41(b) is not diluted by a party proceeding

*pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

"When a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation,'" that dismissal operates as – i.e., it is reviewed as – "a dismissal with prejudice." *Griggs*, 905 F.3d at 844 (quoting *Nottingham*, 837 F.3d at 441); *see, e.g., Wright*, 754 F. App'x at 300 (affirming

- 11 -

dismissal under Rule 41(b) – potentially effectively with prejudice – where "[t]he district court had warned Wright of the consequences and 'allowed [her] a second chance at obtaining service'" but she "disregarded that clear and reasonable order").

If the Court finds that there was subject matter jurisdiction at the time of removal, such that remand is not required, Ms. Johnson's failure to comply with two court orders to appear in person to show cause why there is subject matter jurisdiction warrants dismissal under Rule 41(b) without prejudice.

Because the undersigned concludes that lesser sanctions would be futile, as the Court is not required to delay the disposition of this case until such time as Ms. Johnson decides to obey the Court's orders, the Court should, in the alternative, exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice under Rule 41(b).

**Recommendation**

The Court should vacate its prior orders and remand this lawsuit because it has not been shown that, at the time of removal, the Court had subject matter jurisdiction. In the alternative, if the Court disagrees with the undersigned's jurisdictional findings, such that it determines that there was subject matter jurisdiction at the time of removal, it should dismiss this lawsuit without prejudice under Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections

within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: April 30, 2024

$$\phantom{xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx}$$

                                          DAVID L. HORAN
                                          UNITED STATES MAGISTRATE JUDGE